S. LANE TUCKER
United States Attorney

JACK S. SCHMIDT
Assistant United States Attorney
Federal Building & U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0400
Fax: (907) 796-0409
Email: jack.schmidt@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 1:23-cr-00013-JMK-MMS |
| Plaintiff, | ) |
| vs. | ) |
| JESSIE HALILI REGINIO, | ) |
| Defendant. | ) |

# PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Information in this case: 1 - Misrepresentation of Indian Produced Goods and Products, in violation of 18 U.S.C. § 1159(a) and (b)(1)(A)(i). The parties stipulate and agree to the amount of loss of approximately $28,000 to be used for the purpose of determining the underlying guideline calculation pursuant to U.S.S.G. § 2B1.1 (b)(1)(C). The parties stipulate and agree that the government will not seek a period of incarceration. The parties stipulate and agree that the defendant is to pay a fine of $10,000. The parties stipulate and agree the defendant pay the Indian Arts and Crafts Board a donation in the amount of $10,000. The parties further stipulate and agree to restitution to be paid to customers in the amount of $10,000. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A), (B), and (C) will control this plea agreement. Thus, the defendant

U.S. v. Reginio
1:23-cr-00013-JMK-MMS          Page 2 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 2 of 18

or the government may withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Information:**

Count 1: Misrepresentation of Indian Produced Goods and Products, a violation of 18 U.S.C. § 1159(a) and (b)(1)(A)(i)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. The defendant offered or displayed for sale or sold any good;
2. In a manner that falsely suggested the good was Indian produced, an Indian product of a particular Indian, Indian Tribe, or Indian arts and crafts acts organization;
3. The defendant committed those acts knowingly; and
4. The goods offered, displayed, or sold, were offered, displayed, or sold for a price of $1,000 or more.

### C. Factual Basis

The defendant admits the truth of the allegations in Counts 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely

U.S. v. Reginio
1:23-cr-00013-JMK-MMS           Page 3 of 18
        Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 3 of 18

upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Beginning in or about March 2019, and continuing through on or about November 16, 2019, in the District of Alaska, in or near Ketchikan, the defendant JESSIE HALILI REGINIO, knowingly display, offer for sale, and sell for $1,000 or more, stone carvings and wood totem poles, manufactured in the Philippines, in a manner that suggested the stone carvings and wood totem poles were authentic artwork produced by Alaska Natives, when in fact they were not a Alaska Native produced, product, or a product of an Alaska Native Indian or Tribe.

During all times relevant to the charges in this case, the defendant REGINIO lived in Washington and was employed at Alaska Stone Arts and Rail Creek in Ketchikan, Alaska which sold a wide range of stone carvings and wood totem poles, respectively. The defendant knew products sold in the above identified stores were not made by Alaska Native artists, but were produced in the Philippines with Filipino labor, and the items sold were crafted based upon traditional Alaska Native designs or styles, but were not made by Alaska Natives or members of any American Indian tribe. The business in Alaska utilized non-Alaska Native and Alaska Native employees which falsely represented the employees were part of an Alaska Native family business and those employees were Alaska Natives who produced the Philippine stone carvings and wood totem poles sold in both businesses knowing that the products were made in the Philippines with Filipino labor.

U.S. v. Reginio
1:23-cr-00013-JMK-MMS            Page 4 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 4 of 18

During the course of REGINIO's employment, REGINIO held himself out as packer and shipper of Alaska Stone Arts to customers of the store, and as a carver by holding himself as the Alaska Native carver "Sonny" and non-native employees as an Alaska Native or Alaska Native employees as artisans of stone and wood carvings, when they were not. REGINIO knew that all of the stone and wood carvings displayed and sold in the store were made in the Philippines and made with Filipino labor.

On or about May 28, 2019, at Alaska Stone Arts, S.P.C., an Alaska Native, with REGINIO introduces S.P.C. as an artist of stone carvings, who then sold a Philippine produced bear with a fish in its mouth stone carving for $1,435.00, representing that S.P.C. produced the carving and the carving was signed "SC", which identifies S.P.C. as the artisan. REGINIO received a 2.5% sales commission on this sale.

On or about July 22, 2019, at Alaska Stone Arts, S.P.C., an Alaska Native, and REGINIO present, sold a Philippine produced an eagle stone carving signed "Simeon" for $6,435.00. REGINIO made a 3% sales commission on this sale. On August 18, 2019, REGINIO was contacted by the customer who purchased the eagle stone carving because the carving broke during shipping. REGINIO told the customer that another carving would be commissioned by the artist "Simeon" to be delivered in May 2020, when he knew that the carving would be produced in the Philippines with Filipino labor.

On or about August 8, 2019, at Alaska Stone Arts, REGINIO offered to sell to an undercover law enforcement agent a Philippine produced bear stone carving by "Kilit" for $2,500. REGINIO misrepresented the carving as produced by an Alaska Native.

U.S. v. Reginio
1:23-cr-00013-JMK-MMS         Page 5 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 5 of 18

On or about September 10, 2019, at Alaska Stone Arts, REGINIO sold to an undercover law enforcement agent a Philippine produced humpback whale stone carving signed by "Kilit" and a sea turtle signed by "Sonny" identifying REGINIO as the artist for $2,200.00. REGINIO stated he was the carver of the sea turtle and represented himself and "Kilit" as Alaska Native Tlingits on the sales receipt. REGINIO made a 20% sales commission on this sale.

On or about September 22, 2019, at Rail Creek, REGINIO sold to a customer a sea turtle with a fish in its mouth stone carving $2,100.00 and a bear with a fish in its mouth stone carving for $2,435.00 and the bear was signed by "Kilit" knowing that the carvings were made in the Philippines, made with Filipino labor. The sale receipt was signed "Sonny". REGINIO made a 10% commission on these sales. Then, REGINIO introduced the Rail Creek customer to S.P.C., an Alaska Native, as his brother and the owner in Alaska Stone Arts. S.P.C. sold the customer a bear with a salmon in its mouth carving for $9,935.00. On November 15 and 16, 2019, REGINIO contacted the above customer about the purchase because the bear carving broke during shipping. During those conversations, REGINIO misrepresented himself as carver "Sonny" an Alaska Native Tlingit and misrepresented "Kilit" as his uncle Cris Rodrigo who is an Alaska Native Tlingit master carver. Furthermore, REGINIO misrepresented the family of 14 carvers in the store were all Tlingit and they carved on Prince of Wales Island, Alaska.

On September 28, 2019, at Alaska Stone Arts, REGINIO, with an unnamed employee, sold undercover agents one stone carving of four bears signed by "Kilit" for $1,500.00 knowing that the carving was made in the Philippines, made with Filipino

U.S. v. Reginio
1:23-cr-00013-JMK-MMS                    Page 6 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 6 of 18

labor. REGINIO misrepresented himself as the carver "Sonny" an Alaska Native Tlingit and misrepresented "Kilit" as his uncle who is an Alaska Native Tlingit master carver. Furthermore, REGINIO represented that he learned to carve watching his brother and from his uncle Kilit. REGINIO made a 17% commission on this sale.

**D.    Statutory Penalties and Other Matters Affecting Sentence**

**1.    Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 1159(a) and (b)(1)(A)(i) (Misrepresentation of Indian Produced Goods and Products)

1) 5 years' imprisonment;

2) a fine of $250,000 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

3) a $100 special assessment; and

4) three years of supervised release.

**2.    Other Matters Affecting Sentence**

**a.    Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G). § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless

U.S. v. Reginio
1:23-cr-00013-JMK-MMS            Page 7 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 7 of 18

otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a

U.S. v. Reginio
1:23-cr-00013-JMK-MMS          Page 8 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 8 of 18

criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

**E.    Restitution**

The defendant agrees that the Court will order restitution in agreed upon amount of $10,000.00.

**F.    Forfeiture**

There are no items identified for forfeiture.

### III.    ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

**A.    Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Guidelines (U.S.S.G). as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.    Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

**1.    Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to

U.S. v. Reginio
1:23-cr-00013-JMK-MMS                Page 9 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 9 of 18

recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office (U.S.P.O) will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties stipulate and agree to the amount of loss of approximately $28,000 to be used for the purpose of determining the underlying guideline calculation pursuant to U.S.S.G. § 2B1.1 (b)(1)(C) calling for a +4 level increase from the base level of 6, for a total offense level of 7. The parties stipulate and agree that the government will not seek a period of incarceration. The parties stipulate and agree that the defendant is to pay a fine of $10,000. The parties stipulate and agree the defendant is to pay the Indian Arts and Crafts Board a donation in the amount of $10,000.00. The parties further stipulate that restitution to be paid to customers will be $10,000.00. The parties are free to

U.S. v. Reginio
1:23-cr-00013-JMK-MMS                Page 10 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 10 of 18

recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

U.S. v. Reginio
1:23-cr-00013-JMK-MMS      Page 11 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 11 of 18

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

U.S. v. Reginio
1:23-cr-00013-JMK-MMS            Page 12 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 12 of 18

- The right to contest the validity of any searches conducted on the defendant's property or person.

B. **Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

C. **Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions

U.S. v. Reginio
1:23-cr-00013-JMK-MMS            Page 13 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 13 of 18

of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed.

U.S. v. Reginio
1:23-cr-00013-JMK-MMS                Page 14 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 14 of 18

R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in 18 U.S.C. §. 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, JESSIE HALILI REGINIO, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises,

U.S. v. Reginio
1:23-cr-00013-JMK-MMS            Page 15 of 18
    Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 15 of 18

assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to

U.S. v. Reginio
1:23-cr-00013-JMK-MMS                Page 16 of 18
Case 1:23-cr-00013-JMK-MMS    Document 2    Filed 12/18/23    Page 16 of 18

enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 1 Misrepresentation of Indian Produced Goods and Products, in violation of 18 U.S.C. § 1159(a) and (b)(1)(A)(i) of the Information.

DATED: 11/30/2023

JESSIE HALILI REGINIO
Defendant

//

//

//

U.S. v. Reginio
1:23-cr-00013-JMK-MMS          Page 17 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 17 of 18

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 11·30·23

_____
JANE IMHOLTE
Attorney for JESSIE HALILI REGINIO

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

S. LANE TUCKER
United States Attorney

DATED: 12/18/23

_____
JACK S. SCHMIDT
Assistant United States Attorney

U.S. v. Reginio
1:23-cr-00013-JMK-MMS          Page 18 of 18
Case 1:23-cr-00013-JMK-MMS   Document 2   Filed 12/18/23   Page 18 of 18